IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
THE UNITED STATES OF AMERCIA

| | |
|---|---|
| ANTHONY DEAN PRESTEL,<br>　　　PLAINTIFF<br><br>v.<br><br>STATE OF OKLAHOMA; COUNTY OF MCINTOSH;<br>KEVIN LEDBETTER, SHERIFF OF MCINTOSH COUNTY<br>JAIL; MONICA SMITH, MCINTOSH COUNTY JAIL<br>ADMINISTRATOR; TONIA FRENCH, MCINTOSH COUNTY<br>JAIL INVESTIGATIVE OFFICER; WILLIAM ROSE,<br>EUAFAULA CITY, OKLAHOMA; DOUG RITTENHOUSE,<br>ASSISTANT DISTRICT ATTORNEY; GREG STIDHAM,<br>ASSISTANT DISTRICT ATTORNEY; CAROL ISKI,<br>DISTRICT ATTORNEY, OKLAHOMA; CORRECTIONAL<br>CORPORATION OF AMERICA (CCA); WARDEN SMALL-<br>DEER, NORTHFORK CORRECTIONAL FACILITY;<br>WARDEN PETTIGREW, JOSEPH HARP CORRECTIONAL<br>CENTER; GEO CORPORATION; WARDEN RIOS;  with<br>all those named in their individual and their<br>professional capacity;<br>　　　DEFENDANT(s) | CIVIL COMPLAINT<br><br>CIVIL CASE No.: _____<br><br>3-23CV0518-G<br><br>** JURY TRIAL DEMANDED ** |



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 8 2023
CLERK, U.S. DISTRICT COURT
By_____ Deputy  MG

---

**UPON TITLE 42 U.S.C. §1983**
**TO PROCEED IN CIVIL COMPLAINT TO JURY TRIAL**
**AND ALL AS PLAINTIFF'S FORMAL LAWSUIT CITING VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS**
**WITH CONSIDERATION FOR DAMAGES RESULTING FROM FALSE IMPRISONMENT, CRUEL/UNUSUAL PUNISHMENT**

　　**COMES NOW,** MOVANT, ANTHONY DEAN PRESTEL (hereafter "Plaintiff"), and all as more formally represented in propria personam, sui juris, and acting on his own behalf and as his own legal counsel, hereby moves this Honorable United States District Court toward GRANT of SUMMARY JUDGEMENT on behalf of the Plaintiff upon Order to PROCEED TO JURY TRIAL.

　　**WHEREAS,** Plaintiff avers that he has suffered Constitutional violations at the hands of the above-styled Defendant(s), including violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, and all resulting from Defendant's negligence, deliberate indifference, malfeasance, misfeasance, misrepresentation, abuse of discretion, and fraud.

　　**WHEREOF,** Plaintiff attests that he has suffered DAMAGES at the hands of the Defendants who subjected him to false imprisonment without establishing proper jurisdiction, as well as cruel and unusual punishment, loss of freedom, missed opportunities, foregone investments, preclusion from earnings and income, and all contributing toward COMPENSATORY DAMAGES.

　　**WHERETO,** Plaintiff asserts that he has suffered additional DAMAGES at the hands of the Defendants causing him to suffer stress, anxiety, sleep deprivation, nightmares, night-sweats, physical deterioration, and PTSD, all contributing toward PUNITIVE DAMAGES.

　　**NOWTHEN,** Plaintiff supports this filing upon remedies available under Title 42 U.S.C. §1983, and Supreme Court precedent under McGirt v. Oklahoma, 140 S.Ct. 2452, 207 L.Ed. 2d 985 (2020), and also; Muscogee Creek Nation v. Pruitt, 669 F.3d 1159. Cert.

**STATEMENT OF CLAIM**

Plaintiff, Anthony Dean Prestel, brings forward this CIVIL COMPLAINT upon having suffered Damages at the hands of the named Defendants, each acting in their individual and their professional capacity, and all held responsible mutually and severly.

WHEREUPON, Plaintiff brings such CLAIM following his discovery showing that the Defendants in their capacity as "captures", and acting on behalf of the State as an Agency structured for the purpose of "imprisonment" of individuals, and the State and County, each as a "principal" responsible for policies, protocols, and encumberances toward the imposition of placing upon the Plaintiff, an unwarranted, unfounded, and wholly unsupported term of imprisonment to be served under the bondage of incarceration within a "Principal facility or institution," and without proper or legally viable jurisdiction necessary to arrest, contain, imprison, or encumber any individual who, in accordance with the Creek Nation Treaty of 1833 and Article IV, and more specifically, the February 14, 1833 Treaty as art. 3, 7 Stat. 417 and 419, to which, such personal and subject-matter jurisdiction, including jurisdiction to arrest, prosecute, and detain, shall remain with the Indian Nations, and outside of federal jurisdiction as prescribed.

NOWTHEN, Plaintiff was arrested by and through the State of Oklahoma on or about, May, 2011 upon acts alleged to have transpired in Indian Country, and naming acts of Rape, Forcible Sodomy, and Cause/Procure/Permit Injury or Sex Abuse, and including formal documentation that the alleged victim was affiliated with Choctaw Nation, therefore redirecting and negating any jurisdictional significance to arrest, detain, or prosecute by the Federal Government for the United States, and assigning such jurisdiction back to Indian Country upon the valid and existing Creek Nation Treaty and precedence set forth under the authority of the United States Supreme Court.

THEREFORE, Plaintiff brings forward this CLAIM upon having been held captive by and through entities and individuals who held no such jurisdiction, thus violating his Constitutional Rights, including violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, all resulting in excessive and egregious DAMAGES.

In this instant case, the federal Government relied upon the State of Oklahoma to prosecute under its own jurisdictional significance only to realize that the State had no such jurisdiction. The Government waited a full Twelve (12) years before it actually moved forward, and in so doing, it also ignored strict treaty laws that ban jurisdictional prosecution from non-Native Americans ("Indians") who happened to be affiliated with the very same "household" to "marriage" to that of a blood decendant of a Native American. As such, Prestel, in this instant case was immune from prosectuion while married to his wife. See; <u>Adopting Couple v. Baby Girl</u>, 570 U.S. 637 S.Ct. 2552, 186 L.Ed. 2d 739 (Sup.Ct. 2013).

## FINDINGS OF FACT

**LET ALL MEN KNOW BY THESE PRESENTS THAT;**

I, Anthony Dean Prestel, as named Plaintiff to this Civil Complaint, approach this Court with umberrima fidae, in good faith and with proper intention, and I bring such Arguments and Damages befor the Bench, and do so with compos mentis, of sound mind and full faculty, and all in the interest of justice to resolve matters of injustice.

**WHEREFORE,**

1. Plaintiff avers that he is a flesh and blood, adult male, currently remanded under the bondage of incarceration with the Federal Bureau of Prisons, and residing at Federal Correctional Institution in Seagoville, Texas awaiting jurisdictional release.

2. Plaintiff acknowledges that this Court has and holds sufficient coram judice, and that venue shall stand as true and correct thus divesting all other courts of their interest in matters set forth herein.

3. Plaintiff affirms that he has placed Process of Service with the Defendants by providing a true and complete copy of the enclosed Petition upon the United States Postal Service, via First Class Mail, postage-paid, and has done so by exacting such Service in a timely and verified manner, and all in accordance with the Mailbox Rule.

4. Plaintiff assures the Court, under penalty of perjury, that all such statements shall stand as true and factual to the best of his ability, and that he shall present the truth before his creator and fellow-man, and all upon unsworn declaration and Title 28 U.S.C. §1731 through §1960, and in accordance with Federal Rules of Civil Procedure.

5. Plaintiff attests that his alleged victim has been documented under official record as being affiliated with the Chowctaw Nation, and that all such allegations have been established to have been alleged to take place on Indian Country, and that there shall exist under Exhibit to this Petition, the State of Oklahoma's attestation that it lacked personal and subject-matter jurisdiction on all such prosecution named herein.

6. Plaintiff provides for this Court's review, an official Docketing as "Motion to Dismiss" dated May 6, 2021, attesting to the State of Oklahoma's "Lack of Jurisdiction," and all upon the District Attorney citing as precedence, <u>McGirt v. State of Oklahoma</u>.

## STATUTE OF LIMITATIONS

**TIMELINE SHALL FALL WITHIN COMPLIANCE IN THAT;**

    I, Anthony Dean Prestel, as named Plaintiff to this Civil Complaint, brings such filing forward in a timely and compliant manner, and all in accordance with the State of Texas Code and Statute holding authority of the Statute of Limitations equal to Two (2) years from the date of such injury or damage or violation, or in the alternative, having such timeline and statute "reset" upon conditions describing "continued violation." See; Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed. 2d 973 (2007).

    Such filing has been placed before this Court in accordance with the Mailbox Rule as timely and verified for the purpose of providing a baseline date upon which to consider in complying with the Statute of Limitations. See; Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001).

    It has been determined upon Fifth Circuit precedence that "[a] claim shall accrue when a Plaintiff has a complete and present cause of action." See; Walker v. Epps, 550 F.3d 407, 414 (5th Cir. 2008).

## STANDARD OF REVIEW

**LEGAL ANALYSIS:**

Plaintiff, Anthony Dean Prestel, as named to this Civil Complaint as having been formally Damaged by and through the actions and inactions of the Defendant(s), it shall stand that this Plaintiff was violated his Constitutional rights upon having suffered a term of false imprisonment resulting from the State of Oklahoma, and the County of McIntosh as holding NO jurisdictional significance upon which to enact an arrest, enforce a prosecution, and exhaust an unwarranted and illegal prison sentence. As such, official jurisdiction has remained with the Indian Lands associated with the Discovery set forth in this criminal matter, to which, precluded any Government entity or agency from interest and sovereignty. "[B]efore a sovereign may exercise governmental power over land, the sovereign, in its sovereign capacity, must have jurisdiction over that land." See; Miami Tribe of Oklahoma v. United States, 927 F.Supp. 1419, 1423 (D. Kan. 1996), holding; "Absent jurisdiction, the exercise of governmental powers is, at best, ineffective, and at worst, invasive."

Because the question of jurisdiction "focuses principally on Congressional intent and purpose, rather than recent unilateral actions of a tribe" the Courts must look to the controlling and viable treaties that remain in place, and which direct Congress in all unilateral actions. See; Miami Tribe of Oklahoma v. United States, 656 F.3d 1129, 1145 (10th Cir. 2011).

The Treaty associated with controlling jurisdictional significance in the criminal matter of United States v. Anthony Dean Prestel as Federal Case: 6:21-CR-00020-JFH, and previous to that conviction, State of Oklahoma v. Prestel, the Defendant in each case fell under the jurisdiction of the "Creek Nation Treaty," formulated on February 14, 1833 as art. 4, 7 Stat. 417, 419, and representing the interests of the Muscogee Nation, the Kialegee Tribal Town, the Thlopthlocco Tribal Town, and the Alabama-Quassarte Tribal Town and other lands throughout Oklahoma.

In 1856, the United States, six commissioners representing the "Creeks", and four commissioners representing the Seminole Tribes entered into a treaty whereby, the Creek Nation ceded certain lands in present-day Oklahoma to the Seminoles in exchange for compensation (August 7, 1856, 11 Stat. 699) providing; "The Creeks and Seminoles shall be secured in the unrestricted right of self-government, and full jurisdiction over person and property," to which, in this instant case, Plaintiff Prestel, and all activities associated with his criminal acts shall be repleat of any County, State, Federal Government agency jurisdictional power or control. See; McGirt v. Oklahoma, 140 S.Ct. 2452, 207 L.Ed. 2d. 985 (2020).

**EVIDENTIARY DOCUMENTATION**

**FORMAL PRECEDENCE UPON LACK OF JURISDICTION:**

Petitioner, Anthony Dean Presetel, as conditional, and as official Documentation in support of his Claim showing the State of Oklahoma to stand as remiss in maintaining personal or subject-matter jurisdicition, he provides for this Court's review, an exhibit (Exhibit "A") as the May 6, 2021, District Court of the Eighteenth Judicial District for the State of Oklahoma, and upon the County of McIntosh, the State's District Attorney's formal attestation providing acknowledgement of its "Lack of Jurisdiction," and all upon citing McGirt v. State of Oklahoma as over-arching precedence and controlling law.

Nowthen, such documentation not only supports the Damages Claim presented as part and parcel to this official Civil Complaint, it further supports this Plaintiff's claim showing a Constitutional violation, and specifically, the State of Oklahoma's mens rea knowing and intentional violation of Plaintiff's Fifth and Fourteenth Amendment rights. See; Constitutional Law and Supremacy Clause upon Muscogee Creek Nation v. Pruitt, 669 F.3d 1159, also see; Indian Country USA, Inc. v. Oklahoma, 829 F.2d 967 (1987).

With regard to the State's Deliberate Indifference in its violation of Constitutional law, and specifically, Eighth Amendment violations upon neglect for the well-being of a confined prisoner where no jurisdiction exists to imprison, and in having mens rea knowledge of failed jurisdiction, the courts have long held that §1983 claims citing Cruel and Unusual Punishment, as well as violations of the Fourteenth Amendment Due Process Clause, an confined inmate merely point to such lack of jurisdiction to prevail. See; McRaven v. Sanders, 577, F.3d 974, 979 (8th Cir. 2009), also see; Schaub v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011), and finally see; Young v. Selk, 508 F.3d 868, 873 (8th Cir. 2007).

The Court, realizing its lack of juridiction, must rely upon Creek Nation treaties set forth in 1901 and clearly defining under Section 23 of the 1901 Agreement, the State's relinquish of such jurisdiction and all control jurisdictionally thereof. See; Harjo v. Kleppe, 420 F.Supp. 1110, 1124 (D.C. 1976). In fact, previous to the 1901 Treaty, the original language appearing within the adopted Creek Nation Constitution of 1867, clearly defines jurisdictional significance and limitations. In brief, "The State may not regulate the conduct of person on Indian Territory," and may not imprison or contain such persons. See; Worcester v. Georgia, 31 U.S. 515, 6 Pet. 515, 8 L.Ed. 483 (1973), finally see; Williams v. Lee, 358 U.S. 217, 220, 79 S.Ct. 269 3 L.Ed. 2d 251 (1959).

In this instant Complaint, it shall stand that such jurisdiction remains with the Cherokees and Creeks, and all as agreed upon by and through officials representing negotiations on behalf of the United States under grant of "patent, in fee simple, to the Creek nation of Indians for the land assigned said nation by this treaty or conviction. See; Treaty of 1833, and Article IV upon which, the Tribal Town maintains jurisdiction over crimes and events which transpire there, and in the instant case, all such allegations, as well as the alleged "victim" resulted on Indian lands, and medical documentation and records confirm that such alleged "victim" was, in fact, "affiliated with the Choctaw Nation." In that regard, there then existed NO jurisdictional foundation upon which the State, County, or even a Federal agency may enter Indian Lands, usurp Indian jurisdiction, and prosecute a case involving Creek Nation jurisdiction and Choctaw Nation victims. See; Murphy v. States of Oklahoma, 2005 OD-CR-25, 124 P.3d 1198 (Oklahoma Criminal App. 2005).

Such case law has long been recognized, both on the Circuit level and under the authority of the United States Supreme Court, whereupon, the Tenth Circuit has held that the former Five Civilized Tribes hold jurisdictional singificance over all matters associated therein, and as further defined under Ex Parte, Nowabbi, 60 Okla.Crim. 111, 61 P.2d 1139 (Okl.Crim.App. 1936), also see; Oklahoma Tax Commission v. United States, 319 U.S. 598, 602, 63 S.Ct. 1284, 1286, 87 L.Ed. 1612 (1943).

It shall stand that the Oklahoma State Courts began to reverse criminal cases involving jurisdictional controversies holding "Indian Country" jurisdiction as proper, and releasing those wrongfully held or detained, and compensating both the violated defendant for abuse of discretion and false imprisonment, but also compensating the Indian Nation itself upon State impositions levied against its people, and in direct violation of the Treaties that have remained in place for more than One Hundred and Eighty Nine (189) years of sovereign recognition. See; State v. Brooks, 1988, OK-CR-239, 763 P.2d 204 (Ok.Crim.App. 1988), also see; State v. Klindt, 1989, OK-CR-75, 782 P. 2d 401 (Ok.Crim.App. 1989), and finally, see; Cravatt v. State, 1992 OK-CR-6, 825 P.2d 277 (Okl.Crim.App. 1992).

In conclusion, the authority of the United States Supreme Court upon its holding in McGirt v. Oklahoma, affirmed that the State and its representative agencies have and hold no viable jurisdiction over Indian Nation subjects, thus resulting in liability associated with Constitutional violations of those falsely imprisoned, and culminating in significant Damages as both Compensatory and Punitive awarded to a wrongfully convicted and detained defendant, in this case, suffering 11 years, 6 months.

## CAUSES OF ACTION

MAY THIS HONORABLE COURT TAKE NOTICE OF SUCH ACTIONS;

**FIRST CAUSE OF ACTION:**

   a. Plaintiff, Anthony Dean Prestel, upon this Civil Complaint, doeth hereby move this Honorable Court to consider the actions and inactions of the named Defendant(s), and each acting mutually and severly, and in their individual and professional capacity, caused Damage upon the Plaintiff, knowingly and intentionally, and all for the purpose of advancing their own agenda and financial gain, and all at the expense of the Plaintiff.

**SECOND CAUSE OF ACTION:**
   Refers to, and incorporates herein, the general allegations stated in paragraph a., and makes it part and parcel to the causes and respective Damages thereof, NOWTHEN,

   b. Plaintiff avers that the State and Agency represented by and through the named Defendant(s), had no formidable or viable jurisdictional significance, including no personal, nor subject-matter jurisdiction thus rendering any and all actions, criminal and otherwise, brought against this Plaintiff upon his arrest, prosecution, and conviction, as invalid, illegal, and malicious, and all resulting in an unwarranted imprisonment thus culminating in a Constitutional violation, and specifically, violations to this Plaintiff's Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

**THIRD CAUSE OF ACTION:**
   Refers to, and incorporates herein, the general allegations stated in paragraph a. and b., and makes it part and parcel to the causes and respective Damages thereof, FINALLY,

   c. Plaintiff avers that the State, County, and respective Agencies representing each, have exacted Damage upon this Plaintiff following acts of negligence, deliberate indifference, cruel and unusual punishment, false imprisonment, loss of freedom, missed opportunities, foregone investments, preclusion to income and earnings, as well as stress, anxiety, sleep deprivation, nightmares, nightsweats, deterioration, and post traumatic stress disorder, and all contributing to Compensatory Damages and Punitive Damages and Legal Costs thereof.

## DEMAND FOR DAMAGES

**IT SHALL BE THE DEMAND OF THIS PLAINTIFF THAT;**

Upon such formal demand, Plaintiff, Anthony Dean Prestel, hereby exacts this Demand for Damages upon the named Defendant(s) mutually and severly, and to be levied in each of their individual and professional capacities, and all upon consideration for this Plaintiff's suffering and loss.

**NOWTHEN,**

**COMPENSATORY DAMAGES** shall include all such quantifiable losses and costs associated with a term of false imprisonment exceeding a decade, and resulting in loss of earnings, loss of income, missed opportunities, diminished investments, failed ventures, damaged credit, altered future employment, and excessive legal costs, all culminating in COMPENSATORY DAMAGES of **Three Million Dollars.........($3,000,000.00)**

**PUNITIVE DAMAGES** shall include all such quantifiable and subjective costs associated with pain and suffering, cruel and unusual punishment, stress, anxiety, sleep deprivation, nightmares, nightsweats, physical deterioration, and post traumatic stress disorder, all culminating in PUNITIVE DAMAGES of **Twenty One Million Dollars.......($21,000,000.00)**

**LEGAL AND ADMINISTRATIVE COSTS** shall include all such costs associated with, but not limited to, administrative costs, court costs, legal fees, research fees, prison-related cost of living fees, travel costs culminating in not less than........**($250,000.00)**

## ORDER TO PROCEED TO JURY TRIAL

**MAY THIS HONORABLE COURT MOVE THIS CLAIM FORWARD;**

    **BY ORDER OF THIS HONORABLE COURT**, and upon the United States District Judge's decree, this Civil Complaint shall advance upon SUMMARY JUDGEMENT on behalf of the Plaintiff, to JURY TRIAL in presentment before a jury of peers...

    .....SO SHALL IT BE ORDERED,

    ON THIS DATE: _____, 2023

    BY ORDER OF THIS COURT: x_____
                                       HONORABLE PRESIDING JUDGE

## SERVICE OF SUMMONS

**IT SHALL STAND THAT;**

    I, Anthony Dean Prestel, as named Plaintiff to this Cause, shall hereby WAIVE and all requirements in the Process of Service and Summons upon the Defendants, and in the alternative, this Plaintiff shall rely upon Process of Service by exacting NOTICE through the United States Postal Service, thus requiring no formal Summons via face-to-face Service upon the Defendants, SO SHALL IT BE PRAYED.

RESPECTFULLY REQUESTED ON THIS DATE: 1-31- ,2023

PLAINTIFF'S WAIVER OF SERVICE: x *Anthony Prestel*
ANTHONY DEAN PRESTEL, PLAINTIFF

# CERTIFICATE OF SERVICE

**MAY THIS HONORABLE COURT TAKE NOTICE THAT;**

I, Anthony Dean Prestel, upon this Civil Complaint, hereby declare and decree that I have exacted a true and complete copy of the aforementioned Petition, and has done so by placing such copy with the United States Postal Service, via First Class Mail, Postage-paid, and all as timely and verified in accordance with the Mailbox Rule and the requirements set forth under Federal Rules of Civil Procedure.

SUCH NOTICE HAS BEEN FORWARDED ON THIS DATE: 2-14-23 ,2023

**FORWARDED TO:**

State of Oklahoma Attorney General
County of McIntosh, District Attorney
Kevin Ledbetter, Sheriff, McIntosh County
Monica Smith, Jail Administrator, McIntosh
Tonia French, Jail Investigator, McIntosh
William Rose, Euafaula City
Doug Rittenhouse, Assistant District Attorney
Greg STidham, Assistant District Attorney
Carol Iski, Assistant District Attorney
Correctional Corporation of America
Warden Small-Deer, Northfork Correctional
Warden Pettigrew, Joseph Harp Correctinal
GEO Corporation
Warden Rios, GEO Corporation

RESPECTFULLY SERVED BY: x *Anthony Prestel*
ANTHONY DEAN PRESTEL, PLAINTIFF

## VERIFICATION AND JURAT

WITH MY HAND AND SEAL...

...I, **ANTHONY DEAN PRESTEL**, as named Plaintiff to this Cause, hereby affirms and attests that the information provided within this Civil Complaint shall stand as true and factual to the best of my knowledge and ability, and in knowing the penalty of perjury, and upon making false or misleading statements before my creator and fellow-man, I aver that I have made this presentment before the Bench with umberrima fidae, in good faith and with proper intention to enact justice against those who have contributed to a material miscarriage of justice, and I have done so under unsworn declaration in accordance with Title 28 U.S.C. §1746 thereof.

RESPECTFULLY SUBMITTED ON THIS DATE: 1-31- ,2023 anno domini

FURTHER AFFIANT SAYETH NAUGHT: x /s/ Anthony Prestel
ANTHONY DEAN PRESTEL, PLAINTIFF
FEDERAL IDENTIFICATION: 31871-509
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 9000
SEAGOVILLE, TEXAS 75159

## JURISDICTIONAL SIGNIFICANCE

**LET THIS HONORABLE COURT TAKE NOTICE THAT;**

    Plaintiff, Anthony Dean Prestel, as named herein upon bringing forward this Civil Complaint, provides a jurisdictional statement confirming that this Court maintains sufficient coram judice, providing that venue shall stand as true and correct establishing jurisdictional significance to this United States Article III Court, and divesting all other courts of their interest in matters prescribed herein. Such jurisdiction shall vest upon Title 18 U.S.C. Section §3731 thereof.

## LEGAL STANDING

**MAY THIS HONORABLE COURT AFFIRM THE FOLLOWING;**

    I, Anthony Dean Prestel, as named Plaintiff to this Civil Complaint, hereby affirm and attest that I am, by legal standing, a "flesh and blood," "adult male," (PERSON) and not a corporation, government entity, or agency, and that I hereby aver that I represent, for the purpose of this lawsuit, my own interests upon filing Pro-se, and no other interests or parties are affiliated herein.

RESPECTFULLY ATTESTED BY: x *[signature]*
ANTHONY DEAN PRESTEL, PLAINTIFF

**PREVIOUS ACTION**

**IT SHALL THEN STAND THAT;**

   I, Anthony Dean Prestel, as named Plaintiff to this Civil Complaint, upon my unsworn declaration, hereby declare and decree that I have not previously filed a formal complaint, civil lawsuit, or other legal encroachment against the named Defendant(s), nor have I pursued Damages against any party named within this Petition, and that such disclosure shall satisfy the Court's requirement to Proceed to Jury Trial.

FURTHER AFFIANT SAYETH NAUGHT: x _[signature]_
                                            **ANTHONY DEAN PRESTEL, PLAINTIFF**

